## AFFIDAVIT IN SUPPORT OF FORFEITURE COMPLAINT

I, Thomas Schardein, being duly sworn, declare and state:

1. I am Sworn Officer (Sergeant) with the Louisville Metro Police Department and have received special deputization a Task Force Officer with the United States Drug Enforcement Administration (Louisville District Office).

2. I am a serving Sergeant of the Louisville Metro Police Department, and have been so employed since 2003.   Prior to this I served as both and officer and Detective with the Jefferson County Police from October of 1999.   The Jefferson County Police Department was then merged into the Louisville Metro Police Department in 2003.  My assignments as a Detective include but are not limited to, having served as an investigator with "Fourth Platoon" and "Flex Platoon", which serve to enforce District/Division level narcotics investigations, and then as a Task Force Officer assigned to the Louisville Field Office of the Federal Bureau of Investigation's Joint Terrorism Taskforce (JTTF).   Following my promotion to Sergeant in 2008 I have served as both patrol and investigative supervisory capacities.   I am currently the first line supervisor of the LMPD Narcotics Major Case Unit which has been tasked with the responsibility of investigation Middle and Upper level narcotics traffickers and organizations, as well as the crimes associated with these individuals and organizations.   I am also currently a TFO with the US DEA Louisville DO assigned to investigate narcotics investigations involving deaths and injury stemming from opioid and heroin trafficking.

3.  Prior to my service as Sworn Law Enforcement, I served as a Criminal Intelligence Analyst, assigned to the US DEA (Louisville RO and DO) by the Kentucky National Guard.

4.  In narcotics and narcotics money laundering investigations, I have been trained in a variety of investigative techniques and resources, including physical and electronic surveillance, the analysis of telephone records, and the use of various types of informants and cooperating witnesses and sources. I have assisted in undercover operations and I have prepared and executed a variety of arrest and search warrants.  I have debriefed witnesses, confidential informants and sources of information.

5.  Through these investigations, my training and experience, and the training and experience of other law enforcement investigators, I have become familiar with the methods used by narcotics traffickers to smuggle and safe guard narcotics, to distribute narcotics, and to collect and launder proceeds related to the sales of narcotics. I am familiar with the methods employed by large-scale narcotics organizations. in attempts to thwart detection by law enforcement including, but not limited to, the use of cellular telephone technology, counter-surveillance techniques, elaborately planned smuggling and trafficking schemes tied to legitimate businesses, false or fictitious identities, and coded communications and conversations.

6.  Further, through both experience and training, I have learned that individuals who are involved in the illegal and illicit narcotics and drug trafficking will often maintain large amounts of US Currency, and firearms to protect their illicitly obtained currency and narcotics.   In many cases I have found that the weapons utilized to protect illegal activities have been found to be stolen, and to have been purchased "from the street", so as to avoid the required criminal

background checks and to avoid any knowledge of the transaction by the state or federal authorities.   As well, I have been trained and have the experience in past investigations that weapons may also be obtained through the use of a middle man, commonly referred to as a "straw purchaser" for the purpose of avoiding the detective of governmental authorities.

7.  I am submitting this affidavit in support of a Complaint for Forfeiture. The facts set forth in this affidavit are intended to establish probable cause for the asset subject to forfeiture in this Complaint (defendant property $18,000), and does not set forth all of the knowledge of your affiant regarding this matter.  This information in this affidavit is based upon your affiant's knowledge and review of records obtained during the course of this investigation (as of the date of this affidavit), in addition to information provided by other law enforcement officers and agents.

8.  In the early morning of 02-06-2015, Postal Inspector Parkerson located a suspicious package at the United States Postal Service in Louisville KY, addressed from Sacramento California (a known drug source city and state) to a residence on Colorado Avenue in Louisville.  A certified and reliable drug dog positively alerted to this package.  A federal search warrant was obtained by USPIS personnel allowing parcel to be opened and this parcel.  On the opening of the parcel it was found to contain a large amount of methamphetamine (approximately six (6) pounds) was covertly collected, verified and examined prior to delivery (per probable cause and later a search warrant).   Search Warrants allowing for the use of equipment designed to provide the physical location and status of the parcel (opened or unopened) were obtained and these devices were then installed.  Detectives were then later present in the immediate area of the Colorado Avenue residence, as this parcel was delivered still containing a large portion of the original amount of methamphetamine.

9.  This parcel was later delivered with the assistance of other law enforcement and with search warrants being signed regarding this parcel and this address. A short time after lawful entry of this address, a vehicle known to investigators (and believed to be the intended recipient(s)) circled the block and parked one street south of this address. A moment later, a knock at the side rear door was heard. Two other detectives, answered the door at which time a person of interest to this investigation was immediately recognized by detectives and detained inside.

10.  This subject was Ronald Mitchell and was immediately given his Miranda rights by Detective Gary Huffman and others, and was interviewed. Mitchell denied any wrong doing or knowledge of a parcel at that time. Another person of interest and thought to be the primary recipient of this parcel was detained at the vehicle (owned by Ronald Mitchell), one block south of this address.

11.  Subsequently both persons and another from this address (three total persons) were detained and taken to the DEA Office in Louisville for interviews. Mitchell was again provided his Miranda rights and also provided a taped and written consent to search of his home located on Garland Avenue, which was already known to detectives as being of interest in this investigation.

2

12. Mitchell advised detectives that anything illegal police discovered at his home was his prior to any searches and understood he could revoke his consent at any time. Other detectives conducted the searches and located the following, including but not limited to:

> one Taurus 9mm handgun SN TVH59764 (reported stolen per NCIC 80-14-093338); one Smith & Wesson 9mm handgun SN DYH3738 (reported stolen per NCIC 80-14-093338); approximately 345 grams (12.49 ounces) of Marijuana; 3 boxes of ammunition + 25 live rounds; and the defendant property $18,000.00 USD (discovered with/near the drugs and guns).

13. During this investigation, detectives collectively learned that Ronald Mitchell was a financial partner/investor to this specific methamphetamine parcel and an intended recipient to portions of this large amount of methamphetamine, which is consistent with his timely arrival to obtain the parcel from the Colorado Avenue address. Ronald Mitchell admitted to detectives on tape he sells marijuana but not methamphetamine. Mitchell admitted buying the two aforementioned handguns (9mm's) off the streets about 13 days prior and the location they can be found within his home. Mitchell stated he paid $200.00 for these handguns from an unidentified person.

14. Ronald Mitchell is a convicted felon prior to this date of the seizure, with a long history of drug trafficking and related offenses, including but not limited to:

> 08-CR-000357   TICS 1ST DEG, 1ST OFFENSE – COCAINE, TAMPERING WITH PHYSICAL EVIDENCE, POSSESSION OF MARIJUANA

> 00-CR-000185  POSS CONT SUB, 1ST DEGREE, 1ST OFFENSE – COCAINE

> 97-CR-002704  TICS 1ST DEG, 1ST OFFENSE – COCAINE

> 93-CR-001963  TICS 1ST DEG, 1ST OFFENSE – COCAINE

> 93-CR-000714-002  COMPLICITY  TICS 1ST DEGREE, 2ND OR > OFFENSE – COCAINE, TAMPERING WITH PHYSICAL EVIDENCE, COMPLICITY POSSESSION OF MARIJUANA

> 93-CR-000549  COMPLICITY TICS 1ST DEGREE, 2ND OR > OFFENSE – COCAINE

> 91-CR-001819  TRAF SCH II NARC-COCAINE-1ST OFFENSE

15. On November 6, 2016, Ronald Mitchell pled guilty to related felony drug trafficking and gun charges in Jefferson Circuit Court, in Case Number 15-CR-003295, with a recommended total of 20 years to serve, including:

> Trafficking in Controlled Substance I, 2nd or greater offence, greater than or equal to two grams of Methamphetamine (10 years).

> Trafficking in Marijuana, greater than eight ounces, but less than five pounds (5 years)

Two Counts - Receiving Stolen Property (Firearm)(5 years)

Persistent Felony Offender – First Degree (20 years)

On January 6, 2017, Ronald Mitchell failed to report to the court and an arrest warrant was issued by the court. Ronald Mitchell is currently wanted for failure to appear for sentencing as of this writing.

16. Subsequent to the above investigation involving the residence on Garland Avenue, on 02-06-2015, Renita G MITCHELL was contacted by Det. Chris Lane and later interviewed by your affiant and Sgt. Paul Neal in relation to being the needed custodial to her children located earlier with Ronald Mitchell when he was detained. Renita MITCHELL lived with Ronald Mitchell and their children on Garland Avenue

17. On arrival to 810 Barrett, the children were removed from the vehicle and brought into 810 Barrett Avenue. Contact was made with Ms. Renita MITCHELL (aka Renita FRIERSON), the mother of the children, by Detective Chris Lane, who then left her employment and travelled to 810 Barrett. During this same period, Detective Lane advised that Ronald Mitchell had advised that he would grant consent of his residence on Garland Avenue, and that there was quantity of marijuana, currency and two loaded pistols in the residence. A signed consent to search was then obtained from Mitchell by Det. Lane and Sgt. Neal. Upon the arrival of Renita MITCHELL to 810 Barrett, the situation was fully explained by the undersigned to Renita MITCHELL. MITCHELL, who was upset at the situation, explained that she worked "every day" and had no knowledge of what Ronald Mitchell did during the day, but that he was supposed to be taking care of their/her children.

18. Renita MITCHELL also agreed to sign an informed consent to search for the residence and the undersigned, SA Karl Larson (IRS CID) and Officer Moore then followed her to the residence in a separate vehicle. The search was then conducted in the areas described to Detective Lane and Sgt. Neal by Ronald Mitchell which resulted in the recovery of large bag of marijuana, a loaded Smith and Wesson Pistol and a fire safe found to contain two large bundles of currency (defendant property $18,000.00 USD). Renita MITCHELL directed the undersigned to an upstairs area where the second pistol was found to be located.

19. Renita MITCHELL provided the following verbal statement to the undersigned: Renita MITCHELL, who is also a convicted felon, knew the weapons were present and that Renita MITCHELL had been involved as the petitioner of an EPO with an estranged spouse/paramour and had asked MITCHELL to obtain one of the weapons for her protection. Renita MITCHELL was unaware of who Ronald Mitchell had purchased the weapons from, but knew both had been purchased at the same time. Renita MITCHELL advised she had never handled the weapons. Renita MITCHELL was advised by the undersigned that she was not the subject of the investigation and that the undersigned has no intention of seeking criminal charges against her for the weapons possession. When asked about the marijuana and money, Renita MITCHELL advised that she had no knowledge of either and reiterated that what Mitchell did while she was at work was unknown to her.

4

20. Officer Moore ran the weapons through NCIC and found that they were both listed as STOLEN under the same LMPD investigation, in which a total of 41 weapons had been stolen from an area business during a theft/burglary.

21. Renita G MITCHELL is a convicted felon with the following relative criminal history:

JEFFERSON CIRCUIT COURT / CASE NUMBER: 16-CR-001807ATT MURDER - DOMESTIC VIOLENCE ASSAULT, 1ST DEGREE - DOMESTIC VIOLENCE

*Renita MITCHELL shot Ronald Mitchell on or about 07-08-2016 and was subsequently was convicted of related charges on or about 10-17-2016. Renita Mitchell received shock probation per a 10 year sentence on or about 12-28-2016.


JEFFERSON DISTRICT COURT / CASE NUMBER: 08-M-027824--*OBS* POSSESSION OF MARIJUANA + other separate marijuana charges

JEFFERSON DISTRICT COURT / CASE NUMBER: 05-M-007558  CARRYING A CONCEALED DEADLY WEAPON (M)

JEFFERSON CIRCUIT COURT / CASE NUMBER: 99-CR-000562-001  FORGERY OF A PRESCRIPTION, 1ST OFFENSE *OBS* ATT/OBTAIN CONT SUB BY FRAUD/FALSE STMNT FORGERY 1ST


Based upon the above, there is probable cause to believe that the defendant property is subject to forfeiture to the United States, as property directly and indirectly traceable to drug trafficking (both facilitating and proceeds thereof), in violation of 21 U.S.C. §§ 841 and 846.  Consequently, the property is subject to forfeiture under 21 U.S.C. § 881.

AFFIANT FURTHER SAYETH NOT

Thomas D. Schardein

Sergeant, Louisville Metro Police

TFO, DEA

5